## St. Louis, Iron Mountain & Southern Railway Company *v.* Miller.

### Opinion delivered December 9, 1907.

Railroad—negligence in killing animal—evidence.—A judgment holding defendant railway company liable for killing plaintiff's mare will be sustained by testimony of several witnesses who agreed in testifying that the mare killed belonged to plaintiff, though they differed in their description of the mare's color.

Appeal from Clay Circuit Court; *Frank Smith,* Judge; affirmed.

T. M. *Mehaffy* and *J. E. Williams,* for appellant.

The *allegata* and *probata* must correspond. 5 Ark. 52; *Ib.* 321; 12 *Id.* 218; 6 *Id.* 480; 8 *Id.* 500; 59 *Id.* 165; 7 *Id.* 372; 63 *Id.* 65; 22 Enc. Pl. & Pr. 552, 527. The complaint alleges the killing of a *black mare;* the proof perhaps shows plaintiff lost a *bay* or an *iron gray filly.* The variance is fatal.

Hill, C. J. Miller sued for a black mare, which he alleged was killed by a definitely described train of the appellant railroad company at Lenson Crossing. He recovered judgment, and the railroad company has appealed. The sole question is whether the evidence is sufficient to identify the black mare sued for as the animal struck by the train at the time and place alleged.

Mr. Miller did not see her killed, but testified that he last saw her when she was near the Lenson Crossing; that she was a black mare, three years old. Subsequently he stated that she had some gray or white hairs around the root of her tail, and her mother was a flea-bitten gray. He heard of the killing the day afterwards, and went to the place to see after the mare, but found that she had been burned in the night, but he did not see her, and did not identify the mare that he heard was there burned as his. Another witness described an animal which was killed at Lenson Crossing, on account of her injuries from the train, and burned, to have been a bay filly, "not very dark and not very light." This witness stated that he knew a herd of horses belonging to Mr. Miller; that the mare killed was one of that herd, which was generally reputed to be owned by Mr. Miller. He did not know the individual animals belonging to the herd, but knew the herd collectively. He said that the bay filly that was killed was about three years old. Another witness testified that he was present when the mare was killed. He describes her as a nice, large filly, iron gray, to the best of his knowledge.

Miller further testified that he had not seen his black mare since the animal was killed by the train, and she was missed from the mares in the herd with which she ran. This is all the testimony on the subject, and it is earnestly insisted that the *allegata* and *probata* do not agree. It is true that the descriptions as to color do not agree, but these facts are established:

That it was a mare about three years of age which was injured by the train, and was killed to save her suffering, and burned by the section men at the time and place alleged in the complaint; and that the mare killed was one of the herd of mares which ran together and were owned by Miller, and Miller had accounted for the balance of his bunch and not his black mare. These facts certainly tend to prove that it was his mare that was killed; whether she was a black, bay or iron gray is a matter of difference of opinion or recollection among the witnesses. But there was sufficient evidence to sustain the verdict that it was Miller's mare that was killed; and that is the sole question on this appeal.

Affirmed.